IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:15-CV-24-RJ

| | | |
|---|---|---|
| ANNIE B. HARRIS, | ) | |
| | ) | |
| Plaintiff/Claimant, | ) | |
| | ) | |
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-19, -21] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a response in opposition to Defendant's motion. [DE-23]. Claimant Annie B. Harris ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments. The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, Claimant's Motion for Judgment on the Pleadings is allowed, Defendant's Motion for Judgment on the Pleadings is denied, and the matter is remanded to the Commissioner for further proceedings.

## I. STATEMENT OF THE CASE

Claimant protectively filed applications for a period of disability, DIB, and SSI on November 22, 2011, alleging disability beginning March 18, 2011. (R. 14, 216-24). The claims were denied initially and upon reconsideration. (R. 14, 63-86, 89-122). A hearing before the Administrative Law

Judge ("ALJ") was held on December 4, 2013, at which Claimant, represented by counsel, and a vocational expert ("VE") appeared and testified. (R. 14, 28-57). On February 24, 2014, the ALJ issued a decision denying Claimant's request for benefits. (R. 11-27). On April 23, 2015, the Appeals Council denied Claimant's request for review. (R. 1-4). Claimant then commenced the instant action, seeking judicial review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling*

2

*Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

### III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth

in 20 C.F.R. §§ 404.1520, 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently
> working; and (2) must have a "severe" impairment that (3) meets or exceeds [in
> severity] the "listings" of specified impairments, or is otherwise incapacitating to the
> extent that the claimant does not possess the residual functional capacity to (4)
> perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails

at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65

F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the

first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ

to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with

the "special technique" described in 20 C.F.R. §§ 404.1520a(b)-(c) and 416.920a(b)-(c). This

regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of

functional limitation resulting from a claimant's mental impairment(s): activities of daily living;

social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* §§

404.1520a(c)(3), 416.920a(c)(3). The ALJ is required to incorporate into his written decision

pertinent findings and conclusions based on the "special technique." *Id.* §§ 404.1520a(e)(3),

416.920a(e)(3).

### IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not

3

disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful activity since her alleged onset date. (R. 16). Next, the ALJ determined Claimant had the severe impairments of degenerative disc disease, osteoarthritis, obesity, asthma, diabetes, borderline intellectual functioning, and depression. (R. 17). The ALJ found Claimant's hypertension and eczema to be non-severe impairments. *Id.* However, at step three, the ALJ concluded Claimant's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17-20). Applying the technique prescribed by the regulations, the ALJ found that Claimant's mental impairments have resulted in mild limitation in activities of daily living and social functioning, moderate limitation in concentration, persistence, or pace, and no episodes of decompensation of an extended duration. (R. 18).

Prior to proceeding to step four, the ALJ assessed Claimant's residual functional capacity ("RFC") finding Claimant has the ability to perform light work[1] with the additional limitations of occasional climbing of ramps, stairs, ladders, ropes, or scaffolds, balancing, and stooping; frequently kneeling, crouching, and crawling; avoid working with concentrated exposure to extreme cold and heat, noise, and pulmonary irritants and hazards; and perform only simple instructions and tasks. (R. 20-25). In making this assessment, the ALJ found Claimant's statements about her limitations not entirely credible. (R. 21). At step four, the ALJ concluded Claimant was unable to perform her

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

past relevant work. (R. 25). Nonetheless, at step five, upon considering Claimant's age, education, work experience and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 26-27).

In this case, Claimant contends the ALJ erred by failing to account for her moderate limitation in concentration, persistence, or pace, and by improperly assessing Claimant's credibility regarding pain and the resultant RFC. Pl.'s Mem. [DE-20] at 8-13.

## V. DISCUSSION

### A. The ALJ's RFC Analysis

Claimant contends the limitation to simple instructions and tasks in the RFC fails to sufficiently account for her moderate limitation in concentration, persistence, or pace. Pl.'s Mem. [DE-20] at 8-9; Pl.'s Reply [DE-23] at 1-4. Defendant argues that the ALJ appropriately addressed Claimant's RFC, making specific findings about her ability to stay on task. Def.'s Mem. [DE-22] at 4-8. The court agrees with Claimant that the ALJ erred in this regard and that remand is required.

An individual's RFC is the capacity an individual possesses despite the limitations caused by physical or mental impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* S.S.R. 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The RFC is based on all relevant medical and other evidence in the record and may include a claimant's own description of limitations arising from alleged symptoms. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also* S.S.R. 96-8p, 1996 WL 374184, at *5. "[T]he residual functional capacity 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780

5

F.3d 632, 636 (4th Cir. 2015) (quoting S.S.R. 96-8p). Where a claimant has numerous impairments, including non-severe impairments, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); *see Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments.") (citations omitted).

Here, the ALJ determined at step two that Claimant had the severe mental impairments of borderline intellectual functioning and depression. (R. 17). In concluding that Claimant's mental impairments resulted in a moderate limitation in concentration, persistence, or pace, the ALJ noted that Claimant reported she does not handle stress or changes in routine well but that she is able to drive, read, do arts and crafts, prepare simple meals, and watch television, all of which require concentration. (R. 18). The ALJ also noted Claimant does not need reminders to take her medication or go places, is able to handle her own finances, is fully alert and oriented with coherent and focused thinking on mental examination, is able to perform simple calculations, and has adequate remote memory but low-average immediate memory. *Id.* The ALJ imposed an RFC including a mental limitation to performing simple instructions and tasks. (R. 20). In formulating the RFC, the ALJ discussed the following mental health evidence: Claimant's sporadic treatment for depression in 1997 and April 2012, noting that in May 2013, Claimant advised her primary care provider that she was doing well with her depression and had no complaints (R. 23, 468-69, 474-75, 515); a January 5, 2011 psychological consultation with Walter Sellers, a psychological associate, where Claimant was determined to be mildly impaired due to mild anxiety and depression that may interfere with functioning (R. 24, 343); a September 18, 2012 psychological consultative

6

examination with Dr. Albert, who concluded Claimant can understand, retain, and follow simple directions, sustain attention to perform routine repetitive tasks (if her health would permit her to do so), and get along with fellow workers and supervisors, that her depression may mildly limit her ability to function vocationally, and that her physical problems are many and seem to interfere significantly with her ability to function vocationally (R. 24, 500); and the determination of Dr. Fox, a state agency consultant, that Claimant can perform simple, routine, repetitive tasks (R. 25, 100-01).

Claimant argues, citing *Mascio*, that the ALJ's restriction to simple work accounts for a limitation in her ability to understand a task, but not in her ability to stay on task. Pl.'s Mem. [DE-20] at 8-9. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). The court explained that "the ability to perform simple tasks differs from the ability to stay on task" and that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court also indicated that there could be instances where a limitation in concentration, persistence, or pace does not affect the Claimant's ability to work and would be appropriately excluded from the RFC, but that in such circumstances an explanation from the ALJ is required. *Id.* ("For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would have been appropriate to exclude it . . . . But because the ALJ here gave no explanation, a remand is in order."). Thus, the question presented here is whether the ALJ appropriately explained why Claimant's moderate limitation in concentration, persistence, or pace does not affect her ability to work.

7

Defendant first argues that the ALJ accommodated Claimant's moderate limitation in concentration, persistence, or pace by limiting her to work involving only simple instructions and tasks. Def.'s Mem. [DE-22] at 4-5. This argument, as explained above, was rejected by the Fourth Circuit in *Mascio*. 780 F.3d at 638 ("[A]n ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'") (citation omitted). Defendant further argues that the evidence cited by the ALJ—that Claimant is able to drive, read, do arts and crafts, prepare simple meals, and watch television, all of which require concentration; does not need reminders to take her medication or go places; is able to handle her own finances; is fully alert and oriented with coherent and focused thinking on mental examination; is able to perform simple calculations; and has adequate remote memory but low-average immediate memory—supports a finding that the limitation to simple tasks is sufficient. Def.'s Mem. [DE-22] at 4-5. Yet, the ALJ weighed this evidence and determined Claimant's limitation in concentration, persistence, or pace to be "moderate" (R. 18), and nothing in the ALJ's discussion of this evidence explains why the moderate limitation did not warrant a further restriction in the RFC to account for it. *See Herren v. Colvin*, No. 1:15-CV-00002-MOC, 2015 WL 5725903, at *6 (W.D.N.C. Sept. 30, 2015) (unpublished) (concluding the ALJ's discussion of several pieces of medical record evidence regarding the claimant's mental health, including her history of psychological counseling, medications, psychotherapy treatments, and previous presentations to mental counselors with a mildly depressed affect, mild or normal findings on mental status examination, and that she received some benefit from her medications, did not "addresses her mental ability to function in the workplace or her ability to stay on task.").

Defendant next cites the ALJ's reliance in the RFC discussion on the September 18, 2012

8

psychological consultative examination with Dr. Albert, who concluded Claimant can sustain attention to perform routine repetitive tasks (R. 24, 500), and the determination of Dr. Fox, a state agency consultant, that Claimant can perform simple, routine, repetitive tasks (R. 25, 100-01). Def.'s Mem. [DE-22] at 5. However, Dr. Albert's statement is more equivocal than either the ALJ or Defendant convey, stating that Claimant "*could* sustain attention to perform routine repetitive tasks *if* her health would permit her to do so." (R. 500) (emphasis added). Furthermore, Dr. Fox's opinion that Claimant can perform simple, routine, repetitive tasks provides no aid to the court in determining why the ALJ believed Claimant's ability to stay on task was not affected by her moderate limitation in concentration, persistence, or pace. Dr. Fox determined Claimant's " ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and *to perform at a consistent pace* without an unreasonable number and length of rest periods" was "[m]oderately limited," but then concluded that "[a]ttention and concentration are not really limited" and "[p]ersistance and pace do not appear to be significantly limited due to [Claimant's] psychiatric condition." (R. 100) (emphasis added). Dr. Fox fails to reconcile the apparent contradiction in these statements and relies on Dr. Albert's opinion, which the court has noted is equivocal on the issue of Claimant's ability to sustain attention to perform simple tasks (R. 101, 500). Moreover, this court has previously rejected Defendant's argument that "the ALJ provide[s] a sufficient explanation by relying on medical opinions concluding that plaintiff could do simple, repetitive tasks despite noting limitations in concentration, persistence, or pace." *Hodge v. Colvin*, No. 5:15-CV-248-FL, 2016 WL 4146124, at *5 (E.D.N.C. Aug. 4, 2016) (unpublished).

The court in *Hodge* explained that "*Mascio* does not merely require an ALJ to cite to medical opinions concluding that plaintiff may be limited to simple and repetitive tasks," but rather "requires

9

an ALJ to 'explain why [plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [plaintiff's] residual functional capacity.'" *Id.* (quoting *Mascio*, 780 F.3d at 638 (emphasis added)). The court also noted, as is the case here, that the "the physician reports that defendant references do not themselves explain why plaintiff's moderate limitations in concentration, persistence, or pace do not translate into corresponding restrictions in plaintiff's residual functional capacity," but only "note via standard form moderate limitations in concentration, persistence, or pace, and then, without explanation, switch over to a conclusion about simple, routine, or repetitive task limitations." *Id.* (citation omitted). Here, neither the ALJ nor the underlying reports on which he relies adequately explain why Claimant's moderate limitation in concentration, persistence, or pace does not affect her ability to stay on task.

Finally, Defendant argues that Plaintiff has not demonstrated that any additional functional limitations are warranted. Def.'s Mem. [DE-22] at 7-8. But Plaintiff has met her burden, as the ALJ already determined that Claimant has a moderate limitation in concentration, persistence, or pace (R. 18), and the court may not re-weigh the evidence or substitute its judgment for that of the ALJ. *Mastro*, 270 F.3d at 176 (citing *Craig*, 76 F.3d at 589)). Thus, it was incumbent upon the ALJ to explain, in the first instance, why Claimant's moderate limitation in concentration, persistence, or pace does not affect her ability to stay on task, *Mascio*, 780 F.3d at 638, and the case must be remanded.

Because the court has concluded the case should be remanded on the issue noted above, the court declines to consider the other issues of error raised by Claimant.

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-19] is

10

ALLOWED, Defendant's Motion for Judgment on the Pleadings [DE-21] is DENIED, and the case

is remanded for further proceedings.

So ordered, this the 30th day of September 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

11